JUDGE HARDIN
delivered the opinion oe the court.
The evidence conduced to prove a contract between the parties that the appellee would pay the appellant “ such rent for his still-house and apparatus as two disinterested men would say it was worth.” But it was not proved that when the distress-warrant was sued out any particular sum had thus been ascertained to be due. The instructions and rulings of the circuit court recognized and conformed to the controlling principle in the case, that the remedy by distress is only available where the rent sought to be recovered is due and reserved in money; but with reference to the particular facts the court ruled “ that if there was an agreement between the parties to leave the amount of rent to be settled by disinterested men, and it had not been so settled by disinterested parties, then the plaintiff could not sue out a distress-warrant, and the jury ought to find for the defendant.”
We perceive no valid objection to this instruction. The statute conferring the extraordinary power of proceeding by distress for the recovery of rent does not, in our opinion, contemplate such a proceeding where by the agreement of the parties the sum which may be claimed must first be determined by the arbitration and award of persons to be selected for the purpose, and where, as in this case, no such adjustment has been made or even sought by the plaintiff.
Wherefore the judgment on the verdict for the defendant is affirmed.